UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                    Case No.  8:10-cr-298-T-30MAP

**COURTNEE NICOLE BRANTLEY**
_____

## ORDER

THIS CAUSE comes before the Court upon Defendant's Second Motion to Dismiss (Dkt. 49) and the Government's Response in Opposition (Dkt. 57).  On October 28, 2010, the Court heard oral argument on the motion and response.  Having considered the parties' arguments, the motion, response, and having been otherwise advised in the premises, the Court concludes that the motion should be granted and the superseding indictment should be dismissed.

## BACKGROUND

Defendant Courtnee Nicole Brantley ("Brantley") was charged by superseding indictment with misprision of a felony, in violation of 18 U.S.C. §4 (Dkt. 35).  The indictment alleged that Brantley knew of a convicted felon's possession of a firearm and ammunition and "did knowingly and willfully conceal and not as soon as possible make known the same to some judge or other person in civil authority." *Id.*  The charge stems from Tampa Police Officer David Curtis's stop of Brantley's vehicle on June 29, 2010.  The Government alleges that, after the stop, Dontae Morris ("Morris"), a passenger in Brantley's

vehicle, shot and killed Officer Curtis and Officer Jeffrey Kocab, who had arrived at the scene to assist Officer Curtis.

Pursuant to the Court's Order, the United States filed a bill of particulars, alleging that Brantley had committed the following affirmative acts of concealment of the crime described in the indictment: (1) removing herself from the crime by fleeing from the scene in her vehicle after witnessing the officers' execution; (2) removing evidence from the crime scene by relocating her vehicle; (3) disturbing the crime scene while fleeing; (4) communicating with Morris via telephone while knowing that he was a felon in possession of a firearm and ammunition; (5) discussing with Morris via text messages concealing Brantley's vehicle, specifically responding "Til death do us part" in response to Morris's message to "just lean bak [sic] stay loyal;" (6) sending numerous text messages advising recipients, "U haven't seen me . . . . U don't know where I'm at . . . Please don't tell anyone anything. Erase these messages;" and (7) willfully refusing to disclose the identity of the passenger in her vehicle during questioning by law enforcement officers (Dkt. 48).

## DISCUSSION

"Although the term 'misprision of felony' now has an archaic ring, gross indifference to the duty to report known criminal behavior remains a badge of irresponsible citizenship." *U.S. v. Weekley*, 389 F. Supp. 2d 1293, 1297-98 (S.D. Ala. 2005), *aff'd* 184 F. App'x 903 (11th Cir. 2006) (*citing United States v. Ward,* 757 F.2d 616, 620 (5th Cir.1985)). Misprision may be a sparsely prosecuted crime, but its parameters are clearly delineated in the case law. *Id.* The elements of a violation of 18 U.S.C. § 4 are as follows: (1) commission

and completion of a felony offense by a principal; (2) actual knowledge by defendant of the commission of such a felony; (3) failure by defendant to notify authorities; and (4) an affirmative act by defendant to conceal the crime. *Weekley*, 389 F. Supp. 2d at 1297-98 (*citing United States v. Gebbie,* 294 F.3d 540, 544 (3rd Cir. 2002); *United States v. Cefalu,* 85 F.3d 964, 969 (2nd Cir. 1996); *United States v. Adams,* 961 F.2d 505, 508 (5th Cir. 1992)).

Thus, misprision "requires both knowledge of a crime and some affirmative act of concealment or participation." *Itani v. Ashcroft,* 298 F.3d 1213, 1216 (11th Cir. 2002) (citation omitted). And a misprision prosecution cannot succeed absent proof that the defendant took steps to conceal the crime. In other words, "mere failure to report a known felony would not violate 18 U.S.C. § 4." *Id.* As the court noted in *Weekley*, if a defendant accused of committing misprision simply remains silent, that silence cannot constitute an act of concealment in violation of 18 U.S.C. § 4. 389 F. Supp. 2d at 1297-98. *See also U.S. v. Sullivan*, 284 F. Supp. 579 (N.D. Okla. 1968) (noting that mere silence without some affirmative act is insufficient to authorize a misprision conviction). Finally, intent to conceal the commission of a felony from the government, if not carried out, is insufficient to meet the concealment element. *See Neal v. U.S.*, 102 F.2d 643 (8th Cir. 1939).

Applying the legal standard to the Government's bill of particulars in this case, the Court concludes that the element of an affirmative act of concealment is not met. The Court will discuss the statements in the bill of particulars to point out why this is so.

Paragraphs one through three of the bill of particulars relate to Brantley removing herself from the crime by fleeing from the scene in her vehicle after witnessing the shooting of the officers, removing evidence from the crime scene by relocating her vehicle, and disturbing the crime scene while fleeing. As the Court stated during oral argument, these acts do not demonstrate that Brantley concealed anything having to do with the crime of Morris' possession of a firearm and ammunition. The Government presented no evidence that Brantley altered the vehicle in any way, had the vehicle cleaned, tried to hide the vehicle, or even attempted to delay law enforcement in any way from locating the vehicle (other than leaving the location of the shooting). The Government also presented no evidence, and the bill of particulars does not reflect, that these alleged acts of concealment did anything to conceal the location of the firearm and ammunition. Thus, these paragraphs of the bill of particulars do not reflect any act of concealment.

Paragraph four of the bill of particulars relates to Brantley communicating with Morris via telephone after knowing that he was a felon in possession of a firearm and ammunition. Again, as the Court stated during oral argument, this conversation or conversations do not reflect an act of concealment. And an act of concealment must be carried out, not merely talked about.

This analysis similarly applies to paragraphs five and six of the bill of particulars, which discuss text messages between Brantley and Morris and a text message that Brantley sent advising recipients "U haven't seen me . . . . U don't know where I'm at . . . Please don't tell anyone anything. Erase these messages!" These messages do not demonstrate any act

to conceal the fact that Morris committed the crime of possession of a firearm and ammunition. The Government argues that this demonstrates an effort by Brantley to conceal herself, a witness to the crime. But these discussions did not conceal the crime of felon in possession. Paragraph seven of the bill of particulars cannot constitute an act of concealment. The case law makes it clear that refusing to answer a question from law enforcement or remaining silent cannot constitute an act of concealment because of the impact such a ruling would have on the defendant's Fifth Amendment privilege against self-incrimination. The Government even conceded during oral argument that if Brantley had remained at the crime scene and refused to answer any questions, she would not be in violation of 18 U.S.C. § 4. Although the Government pointed out that Brantley answered other questions from law enforcement, but refused to identify the passenger in her vehicle, the Government does not contend that Brantley waived her Fifth Amendment privilege. And there is no authority to suggest that a defendant waives her Fifth Amendment privilege by answering some questions, but refusing to answer other questions.

Finally, the case relied upon by the Government in its argument that concealing the identity of a perpetrator constitutes an act of concealment is not binding on this Court and is not entirely clear. *See U.S. v. Sanchez*, 47 M.J. 794 (N.M.Ct.Crim.App. 1998). In *Sanchez*, the defendant accused of misprision was a participant in the crime and took several affirmative acts to conceal the fact that he was involved in the assault. The opinion appears to suggest (although the court does not identify the several affirmative acts) that the

defendant concealed more than just the identity of the perpetrator. Thus, *Sanchez* does not alter the Court's conclusion that Brantley's refusal to identify Morris as the passenger in her vehicle cannot constitute an act of concealment.

Additionally, the facts as reflected in the bill of particulars demonstrate that Brantley was simultaneously involved in these actions at the moment when her duty to report Morris's crime would have arisen. Thus, notification to the authorities would compel Brantley to give information which might tend to show that she had committed a crime. Under these circumstances, federal case law has held the defendant cannot be prosecuted for the offense of misprision because the Fifth Amendment privilege against self-incrimination stands in the way of convicting the defendant for a violation of 18 U.S.C. § 4. *See U.S. v. King*, 402 F.2d 694 (9th Cir. 1968); *U.S. v. Weekley*, 389 F. Supp. 2d 1293, 1297-98 (S.D. Ala. 2005), *aff'd* 184 F. App'x 903 (11th Cir. 2006)[1]; *U.S. v. Graham*, 487 F. Supp. 1317 (W.D. Ky. 1980).

For the above reasons, the superseding indictment must be dismissed.

It is therefore ORDERED AND ADJUDGED that for the reasons set forth herein:

1. Defendant's Second Motion to Dismiss (Dkt. 49) is hereby GRANTED.

2. The Superseding Indictment (Dkt. 35) is hereby DISMISSED.

---

[1] The court in *Weekley*, while acknowledging the defendant's Fifth Amendment privilege against self-incrimination, did not dismiss the indictment because it held that the defendant had misled and lied to law enforcement, which eviscerates the Fifth Amendment privilege against self-incrimination. Here, however, there is no evidence that Brantley lied or misled law enforcement; she simply refused to identify the passenger in her vehicle and did not report the crime.

3. The CLERK is directed to CLOSE this case.

**DONE** and **ORDERED** in Tampa, Florida on October 28, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record
United States Marshal
United States Probation Office

S:\Even\2010\10-cr-298.Def'sSecondM2DismissDkt49.frm